IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-272-D
No. 5:17-CV-236-D

| | |
|---|---|
| DERICK MONTIQUE HARPER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

On May 16, 2017, Derick Montique Harper ("Harper") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 144-month sentence [D.E. 69]. On August 14, 2017, the government moved to dismiss Harper's section 2255 motion for failure to state a claim upon which relief can be granted [D.E. 73] and filed a memorandum in support [D.E. 74]. On August 17, 2017, Harper filed a motion to conform [D.E. 76]. As explained below, the court grants Harper's motion to conform, grants the government's motion to dismiss, and dismisses Harper's section 2255 motion.

I.

On May 22, 2014, pursuant to a written plea agreement, Harper pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) [D.E. 24, 25]. On July 14, 2015, at Harper's sentencing hearing, the court calculated Harper's advisory guideline range as 180 months' imprisonment, based on a total offense level of 30 and a criminal history category of IV. See [D.E. 54]; Sentencing Tr. [D.E. 64] 1–43. After granting the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Harper to 144 months' imprisonment. See Sentencing Tr. at 64–73.

Harper appealed. On September 18, 2016, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment. See United States v. Harper, 659 F. App'x 735, 736–38 (4th Cir. 2016) (per curiam) (unpublished). The Fourth Circuit expressly rejected Harper's argument that his February 1997 conviction for second-degree kidnapping, burglary, and breaking and entering were not violent felonies under the ACCA. See id. at 737. The Fourth Circuit also concluded that Harper expressly waived the issue of whether his multiple North Carolina convictions for second-degree kidnapping constitute violent felonies under the ACCA by expressly disclaiming the issue at sentencing. Id. at 738

In Harper's section 2255 motion, Harper claims ineffective assistance of counsel because his convictions for second-degree kidnapping (PSR ¶¶ 13, 14, 15, 16, 17) do not qualify as violent felonies under Johnson v. United States, 135 S. Ct. 2551 (2015), and Mathis v. United States, 136 S. Ct. 2243 (2016). Harper claims his trial and appellate counsel were ineffective by failing to make this argument at his sentencing hearing or on appeal. See [D.E. 69] 4–7. The government moves to dismiss the motion for failure to state a claim upon which relief can be granted. See [D.E. 73, 74].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court

2

may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

As for Harper's ineffective assistance of counsel claims, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Missouri v. Frye, 566 U.S. 134, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 165 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Harper must show that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–96 (1984).

When determining whether counsel's representation was objectively unreasonable, a court

must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. To prove prejudice, a party must show that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694. When a defendant pleads guilty, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

On direct appeal, Harper argued that his multiple convictions for second-degree kidnapping do not qualify as violent felonies under Johnson v. United States, 135 S. Ct. 2551 (2015), and Mathis v. United States, 136 S. Ct. 2243 (2016). The Fourth Circuit, however, concluded that Harper expressly waived the issue of whether his multiple North Carolina convictions for second-degree kidnapping constitute violent felonies under the ACCA by expressly disclaiming the issue at sentencing. See Harper, 659 F. App'x at 738. Harper cannot use section 2255 to recharacterize and relitigate a claim he lost on direct appeal. See United States v. Frady, 456 U.S. 152, 164–65 (1982); United States v. Dyess, 730 F.3d 354, 360 (4th Cir. 2013); United States v. Roane, 378 F.3d 382, 396 & n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Accordingly, this claim fails.

Alternatively, it is not clear that Harper's second degree kidnapping convictions are not violent felonies under the ACCA's force clause. See Harper, 659 F. App'x at 737–38; United States

4

v. Flores-Granados, 783 F.3d 487, 492–98 (4th Cir. 2015). In any event, an "attorney cannot be labeled ineffective for failing to anticipate a future change in the law." Moss v. Ballard, 537 F. App'x 191, 195 (4th Cir. 2013) (unpublished); United States v. McNamara, 74 F.3d 514, 516–17 (4th Cir. 1996). Thus, the claim fails.

After reviewing the claim presented in Harper's motion, the court finds that reasonable jurists would not find the court's treatment of Harper's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 73], DISMISSES Harper's section 2255 motion [D.E. 69], GRANTS Harper's motion to conform [D.E. 76], and DENIES a certificate of appealability.

SO ORDERED. This 10 day of August 2018.

JAMES C. DEVER III
Chief United States District Judge